# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-5291-RGK (RZx)** | Date | April 20, 2016 |
|---|---|---|---|
| Title | *Michael Chavez v. Time Warner Cable LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Motion for Reconsideration and Remand (DE 113)**

## I. INTRODUCTION & PROCEDURAL HISTORY

On January 7, 2011, Michael Chavez ("Plaintiff") filed a Class Action Complaint against Time Warner Cable, LLC; Time Warner Entertainment Company, LP; and Time Warner Cable Shared Services (collectively, "Defendants") in Los Angeles County Superior Court. The Complaint alleged wage-and-hour violations under California Labor Code. In his Complaint, Plaintiff stated his intention to seek penalties under the Private Attorney General Act ("PAGA") after administrative prerequisites had been exhausted.

On April 5, 2011, Defendants removed the case to this Court, contending that jurisdiction was proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), ("CAFA"). On April 22, 2011, Plaintiff filed a First Amended Complaint ("FAC") in which he omitted any claims under PAGA. Based on this amendment, Plaintiff moved for remand, as the FAC did not meet the jurisdictional requirements of CAFA. On June 10, 2011, this Court remanded the action to the Los Angeles County Superior Court.

On May 17, 2012, Plaintiff filed a Second Amended Complaint ("SAC") in state court alleging various violations of California's wage-and-hour claims. Of particular importance, Plaintiff also resuscitated the PAGA claims that had been previously dropped in federal court. On June 18, 2012, Defendants once again removed the action to this Court on the basis of CAFA. This time, CAFA jurisdiction was found, primarily due to Plaintiff's addition of the PAGA claim.

On February 13, 2013, the Court issued an order granting Defendants' Motion to Strike Class Allegations and denying as moot Plaintiff's Motion to Certify Class. As a result of the orders, Plaintiff's case proceeded solely as an individual action against Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-5291-RGK (RZx)** | Date | April 20, 2016 |
|---|---|---|---|
| Title | *Michael Chavez v. Time Warner Cable LLC et al.* | | |

On February 20, 2013, this Court granted Defendants' motion for summary judgment and denied Plaintiff's cross-motion for summary judgment. Subsequently, the Court also denied Plaintiff's motion seeking reconsideration of the summary judgment ruling.

Plaintiff appealed the case to the Ninth Circuit. Before reaching the merits, the Ninth Circuit vacated this Court's order granting summary judgment in Defendants' favor and remanded the case for this Court to determine whether diversity jurisdiction exists. On January 11, 2016, this Court concluded that diversity jurisdiction exists.

Presently before the Court is Plaintiff's Motion for Reconsideration and Remand. For the following reasons, the Court **DENIES** Plaintiff's motion.

## II.     JUDICIAL STANDARD

Federal Rule of Civil Procedure 60(b) allows a party to move for reconsideration of a court's order for certain, enumerated reasons or for "any other reason that justifies relief." A motion for reconsideration should not be used to reargue or present evidence that should have been presented previously. *Marlyn Nautraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)). A court should grant a motion for reconsideration only in highly unusual circumstances. *Id.*

Local Rule 7-18 of the Central District of California states:

> A motion for reconsideration of the decision of any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before any such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

## III.    DISCUSSION

Plaintiff moves for reconsideration of this Court's prior order finding that diversity jurisdiction exists in this case. He argues that the Court erred by finding that: (1) diversity jurisdiction exists and (2) Plaintiff acted in bad faith to prevent removal, thereby equitably tolling the one-year removal limit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5291-RGK (RZx) | Date | April 20, 2016 |
|---|---|---|---|
| Title | *Michael Chavez v. Time Warner Cable LLC et al.* | | |

### A. Diversity Jurisdiction

Plaintiff attacks this Court's prior order finding that diversity jurisdiction exists. He bases his argument on the sweeping—but utterly erroneous—proposition that "it is impossible for complete diversity to exist in a case which contains claims for PAGA penalties." (Pl.'s Mot. For Reconsideration 1, ECF No. 113.)

This Court previously held otherwise. After explaining that PAGA penalties sought on behalf of non-party aggrieved employees may not be aggregated to meet the jurisdictional threshold in diversity actions, the Court held that Plaintiff's own PAGA penalties may be combined with his other damages to satisfy the amount in controversy. *See Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013). This Court also explained that PAGA penalties attributable to the state could not be aggregated because "[t]he State, as the real party in interest, is not a 'citizen' for diversity purposes." *Id.* at 1123.

Undeterred by the clear language of the case law as explained in this Court's prior order, Plaintiff persists and boldly proclaims, "This is the *fourth time* in as many months that plaintiff has pointed out to the Court that the presence of the State of California, as a real party in interest on the PAGA claim, destroys complete diversity." (Pl.'s Mot. For Reconsideration 1-2, ECF No. 113) (emphasis added). Plaintiff's position is simply wrong as the Court explains below.

First, the Ninth Circuit remanded the instant action back to this Court to examine whether diversity jurisdiction exists. If PAGA claims categorically destroyed diversity jurisdiction, as Plaintiff contends, the Ninth Circuit's mandate inquiring into the existence of diversity jurisdiction would have been completely unnecessary, even nonsensical.

Second, the Ninth Circuit has held, "With regard to [] PAGA claims, we hold that the district court properly exercised jurisdiction over the claims. Although California may be a real party in interest to a PAGA action, *this does not convert California into an actual party to all PAGA litigation*." *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 668 (9th Cir. 2011) (internal citation omitted) (emphasis added).

Third, Plaintiff's reliance on *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736 (2014) is misguided. Plaintiff cites *AU Optronics* for the proposition that "in cases involving a State or state official, [courts inquire] into the real party in interest because a State's presence as a party will destroy complete diversity." *Id.* at 745. The facts and holding in *AU Optronics* are entirely different from those of the instant action. In *AU Optronics*, the Supreme Court held that an action brought solely by the State of Mississippi against a group of business did not constitute a "mass action" under CAFA; therefore, the high court ultimately remanded the case because "the State of Mississippi [was] the only named plaintiff in the [] action." *Id.* at 739. It is unclear how *AU Optronics* governs the present case. Here, an individual plaintiff is proceeding with a PAGA action under diversity jurisdiction; the State of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-5291-RGK (RZx)** | Date | April 20, 2016 |
|---|---|---|---|
| Title | *Michael Chavez v. Time Warner Cable LLC et al.* | | |

California is not an actual party or named plaintiff proceeding under CAFA jurisdiction. Thus, the two cases are clearly distinguishable, and Plaintiff fails to explain how the holding of *AU Optronics* applies to the instant action.

Finally, Plaintiff invokes two Ninth Circuit opinions addressing the interplay between PAGA and CAFA—neither of which supports his blanket assertion that "district courts are forbidden to exercise [diversity] jurisdiction . . . over cases with PAGA claims." *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir. 2014); *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057 (9th Cir. 2015). The *Baumann* court did not declare that PAGA claims categorically defeated diversity, it simply held that *in the specific case before it*, the plaintiff's individual PAGA recovery did not satisfy the amount in controversy and, therefore, diversity jurisdiction did not exist. 747 F.3d at 1124. Likewise, the *Yocupicio* court did not rule that PAGA claims can never serve as the basis of diversity jurisdiction. 795 F.3d 1062. Instead, *in that particular case*, the Ninth Circuit found a lack of complete diversity because both the named parties were citizens of the same state—not because, as Plaintiff posits, the presence of California as a real party in interest defeats diversity. *Id.*

Accordingly, the Court rejects Plaintiff's arguments on the issue of diversity jurisdiction.

### B. Bad Faith

Next, Plaintiff challenges this Court's finding that he acted in bad faith to prevent removal. In its previous order the Court found that

> Plaintiff engaged in bad faith based on the timing of his amendments. Plaintiff originally asserted PAGA claims in state court. After the case was removed to federal court, Plaintiff immediately deleted his PAGA claims [in the FAC] . . . . Once back in state court, Plaintiff reasserted the same PAGA claims one month after the one-year limit had lapsed. This sequence of events suspiciously resembles a ploy to evade removal by waiting out the clock. Compounding matters further, Plaintiff failed to provide any explanation for the suspicious timing of his amendments or the decision to omit the PAGA claim until just after the one-year limitation had expired. Based on these facts, the Court finds that Plaintiff's bad faith equitably tolls the one-year limitation, rendering Defendants' removal timely.

(Order re: Ninth Circuit Remand to Determine Diversity Jurisdiction 6, ECF No. 104.)

Plaintiff argues, for the first time, that he never actually included a PAGA claim in his original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-5291-RGK (RZx)** | Date | April 20, 2016 |
|---|---|---|---|
| Title | *Michael Chavez v. Time Warner Cable LLC et al.* | | |

Complaint, and, therefore, did not subsequently delete a PAGA claim in his FAC. In support of this argument, he points to this Court's order remanding the FAC in June 2011, stating that "the causes of action named in the Complaint do not include an action for PAGA penalties . . . . Rather, the Complaint announces Plaintiff's intention to seek PAGA penalties." (Case No. 11-2880, ECF No. 24.)

The Court rejects this contention for several reasons. First, Plaintiff did not raise this argument in his original brief disputing diversity jurisdiction even though all the same information was available to him at that time. (*See* Pl.'s Br. re: Diversity Jurisdiction, ECF No. 99.) Second, while Plaintiff may not have formally asserted his PAGA claims in the original Complaint, he did state his intent to bring such claims several times throughout the pleading. Upon removal, however, Plaintiff filed his FAC in which he deleted all mention of PAGA claims. After remand, Plaintiff waited until the one-year limit had lapsed before resurrecting his PAGA claims. Thus, even if Plaintiff merely hinted at the PAGA claims in his Complaint, his course of conduct after the first removal still suggests a bad faith attempt to defeat a second removal. Finally, compounding matters further, Plaintiff does not provide a reason for the delay in bringing the PAGA claims; instead he argues that he "is under no obligation to explain to defendants or to the Court his litigation strategy, which is protected by privilege; or to explain his decision whether or not to bring a claim, or when he chooses to bring such claim." (Pl.'s Mot. For Reconsideration 1-2, ECF No. 113.)

Accordingly, the Court rejects Plaintiff's argument on the issue of bad faith.

**V.   CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and Remand.

**IT IS SO ORDERED.**

                                                                                                               :

Initials of Preparer